IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02382-PAB-MDB

BRYAN SEALE, an individual,

    Plaintiff,

v.

GARY PEACOCK, an individual,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, to Certify Question of State Law to the Colorado Supreme Court [Docket No. 8]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

### A. Factual Background[1]

This action arises from plaintiff Bryan Seale's allegation that defendant Gary Peacock logged onto Mr. Seale's business account on CTM Software, an electronic real estate contract platform that is accessed using a computer's internet browsing program, without permission. Docket No. 1 at 2-6, ¶¶ 7-27. Mr. Peacock and Mr. Seale are both real estate agents. *Id.* at 1, ¶¶ 1-2. Mr. Peacock and Mr. Seale were married from

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 1, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

March 12, 2015 to May 4, 2017.  *Id.* at 2, ¶¶ 7-8.  Mr. Peacock was an employee of Mr. Seale's real estate business from April 29, 2016 to June 29, 2018.  *Id.*, ¶ 9.  Mr. Seale uses CTM in connection with his real estate business.  *Id.*, ¶ 10.  Mr. Seale's account with CTM can only be accessed using a username and password.  *Id.* at 4, ¶ 22.  Logging into Mr. Seale's CTM account allows the user to view: (1) the names, addresses, and other identifying information of current and potential customers of Mr. Seale's business; (2) emails sent and received by Mr. Seale; (3) the status of Mr. Seale's relationships with customers and potential customers; (4) the complete contract history for Mr. Seale's clients; and (5) uploaded client documents.  *Id.* at 2-3, ¶ 11.  While Mr. Peacock was an employee of Mr. Seale's business, he was the only person other than Mr. Seale who had access to the password for Mr. Seale's CTM account.  *Id.* at 3, ¶ 13.

   CTM's system independently tracks every unique computer that accesses the system, recording what operating system the computer is running and what internet browser is used to access the system.  *Id.*, ¶ 12.  Mr. Seale uses a computer running Apple OSX Operating System and uses different internet browsers, not including Internet Explorer.  *Id.* at 4, ¶ 18.  On December 13, 2018, Mr. Seale discovered that someone using a computer running Windows 10 and using Internet Explorer 11.0 had accessed his CTM account without authorization at least nineteen times before and including December 13, 2018.  *Id.* at 3, ¶ 16.  On December 18, 2018, Mr. Seale discovered that someone had accessed his CTM account without authorization one time around December 17, 2018.  *Id.*, ¶ 17.  Each instance of unauthorized access was linked in CTM's system to the same computer.  *Id.* at 4, ¶ 19.

Mr. Seale later learned that his account was accessed on December 13, 2018 from an IP address that was registered to Liberty Toyota on Woodmen Road in Colorado Springs, Colorado ("Liberty Toyota"), and that Mr. Peacock was present at Liberty Toyota on that day.  *Id.*, ¶ 20.  Mr. Seale also learned that the device that logged onto Mr. Seale's account on December 17, 2018 was physically located at the address of Mr. Peacock's employer.  *Id.*, ¶ 21.  Mr. Seale suffered mental anguish and emotional distress due to Mr. Peacock's alleged unlawful access to Mr. Seale's CTM account.  *Id.* at 5-6, ¶¶ 24-27.

### B.  Procedural Background[2]

Mr. Seale filed a case against Mr. Peacock and unknown defendants in the District Court for El Paso County, Colorado on November 6, 2019, alleging claims for statutory civil theft, violation of the Stored Communications Act ("SCA"), and invasion of privacy by appropriation of name or likeness against Mr. Peacock.  *Seale v. Peacock*, No. 19-cv-03559-KMT, 2020 WL 5076749, at *1 (D. Colo. Aug. 27, 2020), *rev'd in part and remanded*, 32 F.4th 1011 (10th Cir. 2022).  Mr. Peacock removed the case to federal court on December 16, 2019 ("*Seale I*") and moved to dismiss the claims against him for failure to state a claim upon which relief can be granted on January 13, 2020.  *Id.*  On August 27, 2020, Magistrate Judge Kathleen M. Tafoya granted Mr. Peacock's motion and dismissed Mr. Seale's claims against Mr. Peacock with prejudice, but did

---

[2] The Court takes judicial notice of the facts below.  *See Jiying Wei v. Univ. of Wyo. Coll. of Health Sch. Pharmacy*, 759 F. App'x 735, 739 (10th Cir. 2019) (unpublished) (holding that a court may take judicial notice of filings in previous related case brought by plaintiff); *Tal v. Hogan,* 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts which are a matter of public record when considering a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment) (citations omitted).

not dismiss the claims against the Doe defendants. *Id.* at *4. On September 24, 2020, Mr. Seale filed a motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e), seeking to have his claims against Mr. Peacock dismissed without prejudice rather than with prejudice. *Seale I*, No. 19-cv-03559-KMT, Docket No. 44 (Sep. 24, 2020). On November 23, 2020, Mr. Seale filed a motion to amend his complaint to assert sixteen new claims against Mr. Peacock. *Seale I*, No. 19-cv-03559-KMT, Docket No. 50 (Nov. 23, 2020). On March 10, 2021, Judge Tafoya denied Mr. Seale's motion to amend judgment as premature since judgment had not yet entered. *Seale I*, No. 19-cv-03559-KMT, Docket No. 55 (Mar. 10, 2021). On March 11, 2021, Judge Tafoya denied Mr. Seale's motion to amend his complaint. *Seale v. Peacock*, No. 19-cv-03559-KMT, 2021 WL 927632, at *4 (D. Colo. Mar. 11, 2021). On March 12, 2021, the court entered final judgment against Mr. Seale, dismissing his claims against Mr. Peacock with prejudice. *Seale I*, No. 19-cv-03559-KMT, Docket No. 59 (Mar. 12, 2021).

On April 12, 2021, Mr. Seale appealed to the Tenth Circuit Judge Tafoya's dismissal of his claims against Mr. Peacock with prejudice and her denial of his motion to amend. *Seale v. Peacock*, 32 F.4th 1011, 1016 (10th Cir. 2022); *Seale I,* No. 19-cv-03559-KMT, Docket No. 62 (Apr. 12, 2021). On April 27, 2022, the Tenth Circuit affirmed Judge Tafoya's order denying Mr. Seale's motion to amend and affirmed the dismissal with prejudice of Mr. Seale's statutory civil theft claim against Mr. Peacock. *Seale,* 32 F.4th at 1032. However, the Tenth Circuit reversed the dismissal with prejudice of Mr. Seale's SCA claim and invasion of privacy claim against Mr. Peacock, instructing the district court to dismiss those claims without prejudice. *Id.* In reversing the dismissal with prejudice of Mr. Seale's SCA and invasion of privacy claims, the

4

Tenth Circuit found that it was not "patently obvious" that Mr. Seale could not remedy these claims by amending his complaint. *Id.* at 1028-29. The Tenth Circuit's mandate was issued on June 1, 2022. *Seale I,* No. 19-cv-03559-STV, Docket No. 73 (June 1, 2022). On June 6, 2022, Magistrate Judge Scott T. Varholak[3] issued an order dismissing Mr. Seale's SCA and invasion of privacy claims against Mr. Peacock without prejudice. *Id.*, Docket No. 75 (June 6, 2022). The court issued an amended final judgment against Mr. Seale the same day. *Id.*, Docket No. 76 (June 6, 2022).

Mr. Seale filed this action 101 days after the amended final judgment was entered against him in *Seale I*. Docket No. 1. Mr. Seale re-asserts the claims that were dismissed without prejudice in *Seale I* against Mr. Peacock: (1) violation of the SCA, 18 U.S.C. § 2701; and (2) invasion of privacy by appropriation of name or likeness. Docket No. 1 at 7-12, ¶¶ 28-44. Mr. Peacock seeks dismissal of Mr. Seale's claims on the basis that they are time-barred. Docket No. 8 at 5-8. In the alternative, Mr. Peacock asks the Court to certify the following question to the Colorado Supreme Court: "whether a username and password combination constitutes a 'name' for purposes of [invasion of privacy by appropriation of name or likeness] or whether, even if such is a name, a defendant must use it in public to appropriate it." *Id.* at 8.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief

---

[3] The case was reassigned to Judge Varholak following Judge Tafoya's retirement. *Seale I,* No. 19-cv-03559-STV, Docket No. 74 (June 3, 2022).

5

. . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Id.* at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted).  An affirmative defense, such as the statute of limitations, may be considered on a motion to dismiss under Rule 12(b)(6) only when a plaintiff admits every element of the affirmative defense in the complaint.  *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (citing *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)).

### III.  ANALYSIS

#### A.  Statute of Limitations

Mr. Seale's first cause of action is a violation of the SCA.  Docket No. 1 at 7-10, ¶¶ 28-38.  A plaintiff may not bring a SCA action "later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation."  18 U.S.C. § 2707(f).  Mr. Seale's second cause of action is for invasion of privacy by appropriation of name or likeness.  Docket No. 1 at 10-12, ¶¶ 39-44.  Under Colorado law,[4] a plaintiff may not bring an action for invasion of privacy more than two

---

[4] The parties appear to agree that Colorado law applies to this claim.  The Court will operate under the same premise.  *See Grynberg v. Total S.A.*, 538 F.3d 1336, 1346

years after the cause of action accrues.  Colo. Rev. Stat. § 13-80-102(1)(a); *Ott v. Chacha in Art LLC,* 506 F. Supp. 3d, 1133, 1143 (D. Colo. 2020).  The parties agree, consistent with the law cited above, that Mr. Seale's claims are subject to these two-year statutes of limitation.  Docket No. 8 at 5; Docket No. 10 at 3.

"The statute of limitations is an affirmative defense that must be raised by the defendant."  *Hererra v. City of Española,* 32 F.4th 980, 991 (10th Cir. 2022) (citation omitted).  Dismissal at the Rule 12(b)(6) stage based on the statute of limitations is appropriate if "allegations on the face of the complaint surrounding the date of accrual . . . 'make clear that the right sued upon has been extinguished.'"  *Id.* (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)).  However, when resolving a statute of limitations defense on a Rule 12(b)(6) motion, the Court is entitled to "glean[ ] the date[s] [that are] relevant for the limitations calculation by taking judicial notice" of filings in related cases.  *Jiying Wei*, 759 F. App'x at 739-40.

"In the absence of a statute to the contrary, the limitation period is not tolled during the pendency" of an action that is dismissed without prejudice.  *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *see also Glaser v. City and Cnty. of Denver*, 557 F. App'x 689, 700 (10th Cir. 2014) (unpublished) ("under Colorado law[,] a statute of limitations is not tolled during the pendency of an action dismissed without prejudice.").  Mr. Peacock argues that the filing of Mr. Seale's complaint in *Seale I* did not toll the statute of limitations because Mr.

---

(10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

7

Seale's SCA and invasion of privacy claims in *Seale I* were ultimately dismissed without prejudice.  Docket No. 8 at 5-8; Docket No. 11 at 1-4.

Mr. Seale notes that his SCA and invasion of privacy claims in *Seale I* were initially dismissed with prejudice, arguing that "[t]he fact that the dismissal was eventually amended to be without prejudice means that [Mr. Seale] should be put in the same position he would have been in had that occurred in the first place."  Docket No. 10 at 5.  He urges the Court to "determine how much time remained when the claims were initially dismissed with prejudice and afford [Mr. Seale] the same amount of time, running from the date of the revised order dismissing the case without prejudice."  *Id.*  However, it is not clear from Mr. Seale's response on what basis Mr. Seale asks the Court to put him in the same position and give him additional time to file his claims. Instead, Mr. Seale merely argues that "[t]o now preclude [him] from pursuing his claims would be to further penalize [him] for the error of the Court."  *Id.*  He does not cite any authority to suspend or toll the statutes of limitation and offers no support for his proposed method of calculating how much time remained to file his claims after they were dismissed in *Seale I*.  In the absence of any reasons or case citations that oppose Mr. Peacock's motion to dismiss, other than Mr. Seale's appeal to fairness, the Court finds that the statutes of limitation have run on Mr. Seale's SCA and invasion of privacy claims and those claims are therefore barred.

Mr. Peacock's reply argues that the statutes of limitation relevant to Mr. Seale's SCA and invasion of privacy claims against Mr. Peacock should not be equitably tolled.  Docket No. 11 at 2-4.  Mr. Seale does not invoke equitable tolling.  Docket No. 10. Nowhere does Mr. Seale use the term "equitable tolling" or cite a case involving

equitable tolling. However, in the alternative, even if Mr. Seale had invoked equitable tolling, the Court would not apply equitable tolling to Mr. Seale's SCA and invasion of privacy claims.

Mr. Seale brings a federal claim and a state law claim. Docket No. 1 at 7-12, ¶¶ 28-44. The Supreme Court has held that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). Similarly, the Colorado Supreme Court has allowed tolling of the statute of limitations only in situations where "truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts" on the grounds that it is "unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible." *Brodeur v. American Home Assur. Co.*, 169 P.3d 139, 149 (Colo. 2007) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1097, 1099 (Colo. 1996)); *see also Elmore v. Henderson*, 227 F.3d 1009, 1013 (7th Cir. 2000) ("The running of a statute of limitations can be equitably tolled when[,] through no fault of his own[,] the plaintiff was unable to sue within the limitations period but he sued as soon as he could.") (citations omitted).

Here, Mr. Seale filed his complaint in *Seale I* on November 6, 2019, less than a year after he discovered that someone had accessed his CTM account without his authorization. *Seale*, 2020 WL 5076749, at *4; Docket No. 1 at 3, ¶ 16. Judge Tafoya dismissed his SCA and invasion of privacy claims with prejudice on August 27, 2020.

9

*Seale*, 2020 WL 5076749, at *4.  Mr. Seale filed a motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) on September 24, 2020, which Judge Tafoya denied as premature on March 10, 2021.  *Seale I*, No. 19-cv-03559-KLM, Docket No. 44 (Sep. 24, 2020); *Seale I*, No. 19-cv-03559-KMT, Docket No. 55 (Mar. 10, 2021).  On March 11, 2021, Judge Tafoya denied Mr. Seale's motion to amend his complaint and closed the case, entering final judgment the following day.  *Seale*, 2021 WL 927632, at *4; *Seale I*, No. 19-cv-03559-KMT, Docket No. 59 (Mar. 12, 2021).  Mr. Seale filed a timely notice of appeal from the final judgment thirty days later, challenging Judge Tafoya's orders that dismissed his SCA and invasion of privacy claims and that denied his motion to amend his complaint.  *Seale,* 32 F.4th at 1019; *Seale I,* No. 19-cv-03559-KMT, Docket No. 62 (Apr. 12, 2021).

The Tenth Circuit decided on his appeal on April 27, 2022, remanding the case to the district court with instructions to dismiss Mr. Seale's SCA and invasion of privacy claims without prejudice.  *Seale,* 32 F.4th at 1028-29, 1032.  As discussed above, the Tenth Circuit found that the district court should have dismissed these claims without prejudice because it was not "patently obvious" that Mr. Seale could not remedy them by amending his complaint.  *Id.* at 1028-29.  However, instead of filing a motion to amend his complaint in *Seale I* between April 27, 2022, when the Tenth Circuit issued its opinion on his appeal, and June 6, 2022, when the district court entered an amended final judgment,[5] *see id.* at 1032; *Seale I,* No. 19-cv-03559-STV, Docket No. 76 (June 6,

---

[5] "For most purposes, the entry of judgment, rather than the issuance of mandate, marks the effective end to a controversy on appeal."  *Bastien v. Office of Senator Ben Nighthorse Campbell,* 409 F.3d 1234, 1235 (10th Cir. 2005) (per curiam) (emphasis omitted) (quoting *Finberg v. Sullivan*, 658 F.2d 93, 97 n.5 (3rd Cir. 1980) (en banc)).

2022), Mr. Seale chose to file a new case.  The claims in an amended complaint in *Seale I* would have related back to Mr. Seale's original complaint and been considered timely for statute of limitations purposes.  *See* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."); *see also McClelland v. Deluxe Fin. Servs. Inc.,* 431 F. App'x 718, 720 (10th Cir. 2011) (unpublished) ("for purposes of the statute of limitations, a subsequently amended complaint may 'relate back' to the date of the filing of an earlier complaint"); *Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1158 (10th Cir. 2023) ("it is well settled that an amendment that relates back to an earlier timely pleading is not barred by a statute of limitations.") (citations omitted).

Because Mr. Seale did not seek to amend his complaint in *Seale I*, but instead filed his claims in a new action,[6] the Court finds that no "extraordinary circumstance stood in [the] way" of Mr. Seale pursuing his claims, *see Pace*, 544 U.S. at 418 (citation omitted), and no "truly extraordinary circumstances prevented [Mr. Seale] from filing his

---

[6] In some circumstances, a court will equitably toll the statute of limitations even if the plaintiff files his claims in a new action rather than amending his complaint.  For example, in *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000), the plaintiff timely filed his claims in the federal district court for the District of New Mexico, but the court dismissed his claims with prejudice because he filed them in the wrong court.  The plaintiff appealed to the Tenth Circuit, which affirmed the dismissal but held that the dismissal should have been without prejudice.  *Id.*  After the Tenth Circuit's ruling, the plaintiff promptly filed his claims in a new action in the correct court, the Western District of Texas, since he could not bring his claims in the District of New Mexico.  *Id.*  The Fifth Circuit applied equitable tolling and held that the plaintiff's claims were not time-barred even though the statute of limitations had run while he was pursuing his claims in the District of New Mexico.  *Id.* at 376.  Unlike the plaintiff in *Clymore*, there was nothing preventing Mr. Seale from amending his complaint in *Seale I* and benefitting from the relation back doctrine.  Accordingly, the Court will not apply equitable tolling.

. . . claim[s] despite diligent efforts." *Brodeur*, 169 P.3d at 149 (citation omitted). Therefore, the Court will not apply equitable tolling. Accordingly, the Court will dismiss Mr. Seale's first and second causes of action because they are time-barred.

### B.  Certification of a Question of Law to the Colorado Supreme Court

The Court will not certify a question of law to the Colorado Supreme Court because that issue has been mooted by the dismissal of Mr. Seale's invasion of privacy by appropriation of name or likeness claim.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, to Certify Question of State Law to the Colorado Supreme Court [Docket No. 8] is **GRANTED**. It is further

**ORDERED** that this case is closed.

DATED September 29, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge